**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5008**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

ERIC HELLAMS, JR., a/k/a Eric Hellams,

           Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:10-cr-00303-AW-1; 8:10-cr-00304-AW-1)

Submitted: August 30, 2012       Decided: September 14, 2012

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Megan E. Green, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Mara Zusman Greenberg, OFFICE OF THE UNITED STATES ATTORNEY, Arun G. Rao, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Hellams, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (2006), conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2006), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). He was sentenced to 121 months' imprisonment, and he appeals.

Hellams' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Hellams for one kilogram or more of heroin based upon a conversion of cash to drugs where no drug seizure occurred. Hellams, advised of his right to file a pro se supplemental brief, did not do so. The Government has moved to dismiss the appeal in part, based on the waiver of appellate rights in Hellams' plea agreement. We grant the motion for partial dismissal, affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the

2

waiver is valid and enforceable.  <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005); <u>United States v. General</u>, 278 F.3d 389, 400-01 (4th Cir. 2002).  Whether a defendant validly waived his appeal rights is a question of law, which this court reviews de novo.  <u>Manigan</u>, 592 F.3d at 626.

Our review of the record leads us to conclude that Hellams knowingly and voluntarily waived the right to appeal his conviction.  We therefore grant the Government's motion for partial dismissal, and dismiss the appeal of Hellams' conviction.[*]

Hellams retained his right to appeal any sentence of over seventy-eight months' imprisonment.  Therefore, we may review Hellams' challenge to his 121-month sentence.  Hellams questions whether the district court erroneously calculated the drug quantity attributable to him for sentencing purposes.  Hellams challenges the calculation of the Guidelines range by questioning whether the district court erred in converting the cash seized from him into heroin in determining drug quantity under USSG § 2D1.1.  We review this issue for clear error.  <u>United States v. Kiulin</u>, 360 F.3d 456, 461 (4th Cir. 2004) (district court did not clearly err in calculating drug

---

[*] We discern no potentially meritorious challenge to the conviction that would be outside the scope of the waiver.  <u>See</u> <u>United States v. Poindexter</u>, 492 F.3d 263, 270 (4th Cir. 2007).

quantity by converting cash to its drug equivalent based on valuation of ecstasy at $20 per pill); United States v. Hicks, 948 F.2d 877, 881, 883 (4th Cir. 1991) (district court did not clearly err in calculating drug quantity by converting cash seized to cocaine equivalent).

"Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." USSG § 2D1.1 cmt. n.12. Moreover, "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance"; "[i]n making this determination, the court may consider, for example, the price generally obtained for the controlled substance." Id.; see also Hicks, 948 F.2d at 881-82. "Neither the Guidelines nor the courts have required precise calculations of drug quantity." United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992).

Cash is properly converted to drug equivalents when it is part of the same course of conduct, either because it is the proceeds of drug sales or would be used to purchase more drugs in the future. Hicks, 948 F.2d at 882-83. "A district court may properly convert cash amounts linked credibly to the defendant's purchase or sale of narcotics so long as the court does not engage in double counting of both the proceeds and the

4

narcotics themselves." United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998).

The Government must prove the drug quantity attributable to a defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). In Kiulin, this Court rejected contrary authority from other circuits and held "that a district court need not 'err,' on the side of caution or otherwise" when "approximating drug quantity"; rather, "it must only determine that it was more likely than not that the defendant was responsible for *at least* the drug quantity attributed to him." Kiulin, 360 F.3d at 461. Moreover, when objecting to drug quantities as set forth in the presentence report, the defendant has an affirmative duty to show that the information contained in the report is inaccurate or unreliable. Id. at 461-62; Carter, 300 F.3d at 425.

Applying these standards, we find that the sentencing court acted within its discretion by converting currency found in Hellams' possession upon his arrest into its drug equivalency. We have carefully reviewed the record and conclude that the Government satisfied its burden of demonstrating by a preponderance of the evidence the connection between the money seized and Hellams' drug-related activity. Thus, the district court did not err by converting the seized money into its drug equivalency for sentencing purposes under USSG § 2D1.1.

5

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues outside the scope of the appeal waiver. We therefore affirm Hellams' conviction and dismiss the appeal of his sentence. This Court requires that counsel inform Hellams, in writing, of the right to petition the Supreme Court of the United States for further review. If Hellams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hellams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

6